IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOANNE L. FRITZ,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.

1:21-CV-00206
(GLS/TWD)

---

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than the Defendant, and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2.    This Stipulation for Compromise Settlement and Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable

to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States of America, Defendant, agrees to pay to the Plaintiff, Joanne L. Fritz, the sum of TWO-HUNDRED THOUSAND DOLLARS ($200,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants and employees.

4. Plaintiff and her guardians, heirs, executors, administrators, or assigns, hereby agree to accept the sum of TWO-HUNDRED THOUSAND DOLLARS ($200,000.00), in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiff and her heirs, executors,

administrators or assigns further agree to indemnify and hold harmless the United States of America, its agents, servants and employees from any and all such causes of action, claims, liens, rights or subrogated or contribution interest incident to or resulting from further litigation or the prosecution of claims by the plaintiff or her heirs, executors, administrators or assigns against any third-party or against the United States, including claims for wrongful death, from, or relating to the subject matter of the above-captioned action, excluding State Farm subrogation claim # 52-4013-P93, in the amount of SEVENTEEN THOUSAND SEVEN HUNDRED AND NINETY-SIX DOLLARS AND NINETY-SEVEN CENTYS ($17,796.97.00), discussed further below.

5. It is also agreed, by and among the parties, that the settlement of TWO-HUNDRED THOUSAND ($200,000.00) represents the entire amount of the compromise settlement to be paid by the United States, and that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

6. Plaintiff agrees to pay or resolve any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, or future liens or claims for payment or reimbursement by an individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action, excluding State Farm subrogation claim # 52-4013-P93, in the amount of SEVENTEEN THOUSAND SEVEN HUNDRED AND NINETY-SIX DOLLARS AND NINETY-SEVEN CENTYS ($17,796.97.00). Plaintiff and her heirs, executors, administrators, or assigns further

agree to satisfy or resolve any and all known claims for payment/reimbursement and liens arising from the injuries that are the subject matter of this action before her attorneys distribute to the Plaintiff any portion of the net settlement funds, excluding State Farm subrogation claim # 52-4013-P93. The Plaintiff further agrees that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, her attorney shall provide to the United States evidence that each claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims, or that to plaintiff's knowledge after reasonable investigation that no such lienholders and claimholders exist. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims, or that to plaintiff's knowledge after reasonable investigation that no such lienholders and claimholders exist.

7. The Defendant agrees to separately pay or otherwise resolve the State Farm subrogation claim # 52-4013-P93, in the amount of SEVENTEEN THOUSAND SEVEN HUNDRED AND NINETY-SIX DOLLARS AND NINETY-SEVEN CENTS ($17, 796.97.00) and to provide proof within sixty (60) days of execution of this agreement that the subrogation claim has been resolved.

8. The parties agree that any attorney's fees owed by the Plaintiff shall not exceed 25 per centum of the settlement amount of the compromise settlement (28 U.S.C. § 2678) and must be paid out of the settlement amount and not in addition thereto.

{O1035970.1}                                4

9.  Payment of the settlement amount of TWO-HUNDRED THOUSAND DOLLARS ($200,000.00) will be made by government wire transfer, as per the following information to be provided by Plaintiff:

   A.  Name of Bank:

   B.  Street Address of Bank:

   C.  City, State and Zip Code of Bank:

   D.  Federal Reserve Number:

   E.  Routing Number:

   F.  Name of Account:

   G.  Account Number:

Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

10.  In consideration of the payment of TWO-HUNDRED THOUSAND DOLLARS ($200,000) as set forth above, Plaintiff agrees that she will execute and file, with the Court, such documents as shall be necessary to cause the above-styled action to be dismissed with prejudice from the docket of the Court.

11.  The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional

agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation for Compromise Settlement and Release and the compromise settlement are null and void.

13. The parties stipulate and agree that the Stipulation for Compromise Settlement and Release and the compromised settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation for Compromise Settlement and Release. The terms, conditions and requirements of this Stipulation for Compromise Settlement and Release are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation for Compromise Settlement and Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other

terms, conditions and requirements of this Stipulation for Compromise Settlement and Release have been completely agreed upon in writing.

14. It is contemplated that this Stipulation for Compromise Settlement and Release may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

15. The parties each represent and warrant that no party hereto is an infant or an incompetent person, for whom a guardian has been appointed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Executed this 27 day of May, 2022.

_____
C. Harris Dague
Assistant United States Attorney
U.S. Attorney's Office
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
(518) 431-0247
Harris.Dague@usdoj.gov

Executed this 6 day of June, 2022.

_____
Pamela A. Nichols, Esq.
O'Connell and Aronowitz, LLP
54 State St., 9th Floor
Albany, NY 12207
Pam.Nichols@oalaw.com

Executed this 31 day of May, 2022

_____
Joanne L. Fritz

IT IS SO ORDERED:

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

Dated: 6/9/2022
Syracuse, NY

{01035970.1}

8